**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **CORY W. JONES, #306696,** *et al.*, : | |
| Plaintiffs, : | |
| vs. : | **CIVIL ACTION NO. 20-00587-KD-B** |
| **KAY IVEY,** *et al.*, : | |
| Defendants. : | |

## REPORT AND RECOMMENDATION

Cory W. Jones and sixty-nine other inmates confined at Loxley Community-Based Facility/Community Work Center filed, in the United States District Court for the Middle District of Alabama, a single civil rights complaint and application to proceed without prepayment of fees and affidavit. (Docs. 1, 2). Upon review, this action was subsequently transferred to this Court because the Loxley Community-Based Facility/Community Work Center is located in this district. (Doc. 5). The action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R) for consideration and disposition or recommendation on all appropriate pretrial matters. Based upon a review of the record, the undersigned recommends that this action be **DISMISSED** without prejudice and that each Plaintiff be given an opportunity to file a new individual complaint on his own behalf.

### I.  Background

As noted, Plaintiffs are currently incarcerated at the Loxley Work Release Center. Included within their complaint is a listing of all of the purported Plaintiffs in this action. The listing includes some signatures, but mostly "printed names." In the complaint, Plaintiffs seek to assert claims under 42 U.S.C. § 1983 challenging the constitutionality of conditions to which they are currently subjected at the Loxley facility. Specifically, Plaintiffs allege that the conditions at the facility are extremely unsafe and unduly hazardous due to the COVID-19 pandemic, and as a result, they are potentially exposed to the virus while incarcerated at Loxley. (Doc.1 at 3-4). Plaintiffs also jointly filed an Application to Proceed Without Prepayment of Fees and Affidavit.

### II.  Discussion

The Prison Litigation Reform Act (PLRA) provides that "if a prisoner brings a civil action . . . the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The Eleventh Circuit has interpreted this provision to mean that prisoners may not join together in a single civil lawsuit so as to share the full initial filing fee and the appellate filing fee. Hubbard v. Haley, 262 F.3d 1194, 1195, 1198 (11th Cir. 2001); Bowens v. Turner Guilford Knight Det., 510 Fed. Appx. 863 (11th Cir. 2013). In Hubbard, the Court observed that the intent of

2

Congress in promulgating the PLRA was to curtail abusive prisoner tort, civil rights, and conditions of confinement litigation. Id. at 1196 (citing Anderson v. Singletary, 111 F.3d 801, 805 (11th Cir. 1997)). Allowing multiple prisoners to bring complaints in a single lawsuit circumvents this Congressional intent. Id. at 1197-98. Thus, the Court in Hubbard affirmed the district court's decision dismissing the multiple prisoner action without prejudice, and requiring each prisoner to file an individual action accompanied by the full filing fee or an application to proceed *in forma pauperis*.

In accordance with the procedure affirmed by the Eleventh Circuit in Hubbard, the undersigned **RECOMMENDS** as that this case be **DISMISSED** as to all claims against all defendants, without prejudice to the right of each Plaintiff to file a new, individual complaint on his own behalf, and each Plaintiff must pay the full $402.00 fee ($350.00 filing fee and $52.00 administrative fee) or submit an individual application to proceed in forma pauperis.[1] See Bowens, 510 Fed. Appx. 863 (affirming district court's

---

[1] The undersigned further notes that nonlawyer inmates proceeding *pro se* may not represent other inmates. See Timson v. Sampson, 518 F.3d 870, 873 (11th Cir. 2008)(explaining that 28 U.S.C. § 1654, the provision permitting parties to proceed *pro se*, provides "a personal right that does not extend to the representation of the interests of others"); see also Johnson v. Brown, 581 Fed. Appx. 777, 781 (11th Cir. 2014); Bass v. Benton, 408 Fed. Appx. 298, 298-99 (11th Cir. 2011).

dismissal, under Hubbard, of civil rights complaint in which six inmates attempted to join their claims in a single lawsuit).

To assist Plaintiffs, the undersigned **DIRECTS** the Clerk to send a copy of this Report and Recommendation to each person whose name is listed as a Plaintiff in the complaint. Each Plaintiff may obtain copies of this Court's § 1983 complaint form and IFP affidavit form online at http://www.alsd.uscourts.gov/forms/all-forms. Each Plaintiff is specifically cautioned that, if he chooses to proceed further, he must fully-disclose on this Court's § 1983 complaint form **all** litigation that he has previously filed in federal court while incarcerated, including this case.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was

informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **27th** day of **January, 2021.**

                                          **/S/SONJA F. BIVINS**
                                       **UNITED STATES MAGISTRATE JUDGE**